UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE W. WALKER aka MICHAEL R. HENDERSON,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DR. YIN,<br><br>　　　　Defendant. | NO. CV 09-8303-GHK (AGR)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

　　　For the reasons discussed below, the Court orders Plaintiff to show cause, on or before **March 19, 2010**, why this Court should not recommend dismissal of the Complaint for failure to prosecute and/or failure to comply with a court order.

**I.**

**BACKGROUND**

　　　On November 18, 2009, Plaintiff filed a civil rights complaint against Dr. Yin. (Dkt. No. 3.)

　　　On November 20, 2009, this court ordered service of the complaint upon defendant Dr. Yin. (Dkt. No. 7.)

　　　In order to effectuate service of the complaint, the Order Re: Service of Complaint, and Plaintiff's Mailing Address ("Order") required that (1) on or before

January 19, 2010, Plaintiff file a Notice of Submission indicating that all required documents have been submitted to the United States Marshal for service of the Complaint; and (2) on or before January 5, 2010, Plaintiff file a Notice of Current Address with Plaintiff's current mailing address for service of documents from the court or the parties. (Dkt. No. 6.) The Order expressly warned that if Plaintiff fails to file the Notice of Submission by January 19, 2010, "his action will be subject to dismissal without prejudice." (*Id.*)

On December 9, 2009, Plaintiff filed a Notice of Current Address. (Dkt. No. 10.)

However, to date, Plaintiff has not filed (1) a Notice of Submission indicating that all required documents have been submitted to the United States Marshal for service of the complaint, with attached copies of USM-285 forms submitted to the United States Marshal.

## II.

## DISCUSSION

A district court may, on its own, dismiss an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Henderson v. Duncan*, 779 F.2d 1241, 1243 (9th Cir. 1986). The court is "required to weigh several factors in determining whether to dismiss this case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.* "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay. Unreasonable delay creates a presumption of injury to the defense." *Id.* (internal citation omitted).

To date, Plaintiff has not filed a Notice of Submission. Because the United States Marshal has not received from Plaintiff the necessary documents,

including the USM-285 form, the Complaint and summons, service of process cannot be made on the defendant and this case cannot proceed.

### III.

### **ORDER**

IT IS THEREFORE ORDERED that, on or before **March 19, 2010**, Plaintiff shall show cause why this Court should not recommend dismissal of the action for failure to prosecute. Filing a Notice of Submission and submitting the appropriate documents to the United States Marshal on or before March 19m 2010, shall be deemed compliance with this Order to Show Cause.

The Clerk is ordered to mail Plaintiff another copy of the Order Directing Service of Process by the United States Marshal (Dkt. No. 7), Order Re: Service of Complaint, and Plaintiff's Mailing Address with attached Notice of Submission (Dkt. No. 6), and Summons.

***Plaintiff is cautioned that if he does not timely respond to this Order to Show Cause, the Magistrate Judge may recommend dismissal without prejudice for failure to prosecute and/or failure to follow a court order.***

DATED: February 17, 2010

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge