UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE W. WALKER aka MICHAEL R. HENDERSON,<br>Plaintiff,<br>v.<br>DR. YIN,<br>Defendant. | NO. CV 09-8303-GHK (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the complaint; the Magistrate Judge's Report and Recommendation ("R&R"); Defendant's Objections[1] to the R&R filed on June 29, 2010; and the records and files. Based upon the Court's *de novo* review, the Court disagrees in part with the recommendation of the Magistrate Judge.

**A. Exhaustion**

Defendant's sole objection is that the Magistrate Judge misinterpreted *Talmantes v. Leyva*, 575 F.3d 1021 (9th Cir. 2009.) Defendant concedes that

[1] The Court admonishes defense counsel that they must comply with Local Rule 11-3.1.1. As the R&R already explained, the font in their papers is too small. (R&R at 2 n.1.)

1  Plaintiff was not incarcerated when he filed his complaint. (Objections at 2.) As
2  the R&R explained, Plaintiff is therefore not required to exhaust his administrative
3  remedies because he was not a "prisoner" as that term is defined in 42 U.S.C. §
4  1997e(h). (R&R at 3.) "[O]nly those individuals who are prisoners . . . at the time
5  they file suit must comply with the exhaustion requirements of 42 U.S.C. §
6  1997e(a)." *See Talmantes*, 575 F.3d at 1024. A person released from custody
7  before he files a complaint is not required to exhaust administrative remedies. *Id.*

8  Despite this very clear language, Defendant argues that Plaintiff's case is
9  distinguishable. (Objections at 6.) The *Talmantes* plaintiff alleged a civil rights
10 violation occurring in April of 2003 and was then released from prison in June of
11 2003. Therefore, Defendant argues, the *Talmantes* plaintiff would not have had
12 sufficient time to exhaust his administrative remedies before his release.[2] (*Id.* at
13 6-7.) By contrast, here, Plaintiff's latest allegation of misconduct occurred in
14 2006, and because he was not released from incarceration until three years later,
15 he had enough time to exhaust his administrative remedies. (*Id.* at 7.)

16 *Talmantes* did not hold that prisoners who have time to exhaust before
17 their release must do so, whereas prisoners who do not have time, are excused.
18 Defendant cites no authority that permits an exception to the statutory
19 interpretation set forth in *Talmantes*.

20 Defendant's objection is overruled.

21 **B.  Failure to State a Claim**

22 Plaintiff alleges he first saw Defendant Dr. Yin in 2004 and then saw him
23 again 8-12 weeks later. (Complaint, Facts in Support ¶¶ 1-2.) After the second
24 visit with Yin, Plaintiff alleges he "did not reapply for medical treatment for at least
25 (12) more weeks." (*Id.* ¶ 3.) Plaintiff then alleges that he "had to suffer for over
26 two years are [sic] longer in pain and did not received [sic] proper medical

27
28    [2] Defendant outlines the California prison exhaustion procedures, including the time frames for completing each step. (Objections at 5.)

2

treatment prior to the year of 2006 at which time plaintiff resubmitted the required medical application and was able to see another Dr." (*Id.*)  The R&R, construing a *pro se* plaintiff's allegations liberally, found that two years elapsed between the time Plaintiff requested again to see Yin and was finally seen by a doctor.  (R&R at 6.)  The R&R also found that a "plausible inference from these allegations is that Yin refused to see Plaintiff, resulting in a delay in the cancer diagnosis, ultimately leading to an amputation of the toe." (*Id.* at 6-7.)

The Court finds that even construing Plaintiff's allegations liberally, he has failed to allege sufficient facts that he requested treatment by Yin and that Yin denied him treatment or failed to respond to his request for two years.  See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  Accordingly, the complaint must be dismissed with leave to amend so Plaintiff may allege a purposeful act or failure to respond by Yin to Plaintiff's serious medical need according to the legal standards set forth in the R&R.  (R&R at 5-6.)

**C.  Order**

With the exception of the changes outlined above, the Report and Recommendation is adopted.  Defendant's motion to dismiss for failure to exhaust is denied.  Defendant's motion to dismiss for failure to state a claim is granted with leave to amend.

If Plaintiff chooses to file a First Amended Complaint, **it must be filed no later than 30 days from the date of this order**; bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment or document.  Further, if Plaintiff chooses to proceed, he must use the blank Central District civil rights complaint form accompanying this order, sign and date the form, completely and accurately fill out the form, and use the space provided in the form to set forth all of the claims he wishes to assert.

The Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form.

**Plaintiff is admonished that if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of his complaint as discussed above, the Court may dismiss the action for failure to prosecute, failure to comply with court orders, and/or failure to state a claim.**

DATED:   7/26/10

GEORGE H. KING
United States District Judge